No. 12637

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

REX F. BEACH,

                    Plaintiff and Appellant,

-vs-

DESTINATION ENTERPRISES, INC.,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Eighteenth Judicial District,
               Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Allen L. McAlear argued, Bozeman, Montana

    For Respondent:

        Berg, Angel, Andriolo and Morgan, Bozeman, Montana
        Brown and Gilbert, Bozeman, Montana
        Gene I. Brown argued, Bozeman, Montana

---

                    Submitted:  September 9, 1974

                    Decided: OCT 4 1974

Filed:  OCT 4 1974

*Thomas J. Kearney*
                                  Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from an order of the eighteenth judicial district, in and for Gallatin County, denying appellant's motion for reinstatement.

The facts of this appeal involve two lawsuits filed at approximately the same time. The first suit, titled Destination Enterprises v. Beach, Gallatin County cause No. 19073, was filed on August 5, 1970. This suit was to establish title to the land in question as well as for money damages for reasonable rental of the real property and for an injunction. Beach was represented in this action by the law firm of Morrow, Nash & Sedivy of Bozeman.

The present suit, from which this appeal arises, Beach v. Destination Enterprises, cause No. 19079, was filed on August 10, 1970. This suit was also to establish title to the real property but was also for money damages for certain labor, expenses and certain promissory notes. Although the two cases duplicated each other, cause No. 19079 was for additional claims for money due. Beach was represented in this action by the law firms of St. Clair, St. Clair, Hiller & Benjamin of Idaho Falls, Idaho, and the law firm of Berg, Angel, Andriolo & Morgan of Bozeman as local counsel.

An answer and cross-claim was filed in cause No. 19073. The cross-claim was for title to the real property or in the alternative, for a money judgment for money expended on the real property.

In cause No. 19079, summons was issued and served on Destination Enterprises on August 11, 1970. Destination appeared by its attorney and filed a motion to dismiss on September 23, 1970. On October 5, 1970, the motion to dismiss was overruled and Destination was allowed twenty days within which to answer or further plea.

The trial of cause No. 19073 was held on March 29, 1972.

- 2 -

Beach was present in open court together with his attorney in cause No. 19073, James H. Morrow. At the trial, in open court, the attorney for Destination moved to dismiss cause No. 19079 for failure to prosecute. This motion was granted without objection from Beach or Mr. Morrow. All parties and the court relied on the fact that cause No. 19079 was abandoned by Beach. He elected to pursue cause No. 19073.

A minute entry of the dismissal was sent to the attorneys of record in cause No. 19079 on March 29, 1972.

The next action on cause No. 19079 was on August 16, 1973, when Allen L. McAlear of Bozeman was added as counsel of record for Beach. On August 21, 1973, a motion for reinstatement of the cause was filed. This motion was denied on September 6, 1973. This appeal is taken from the order denying the motion for reinstatement.

Beach has presented four issues to this Court on appeal. We resolve this appeal, however, by holding that a timely appeal was not taken from the order dismissing the case and, as such, this Court is without jurisdiction to hear the appellant's case on the merits.

An analysis of the appellant's brief clearly shows that his objection is to the dismissal of the case. The appellant's legal position is that the case should not have been dismissed for the various reasons stated in his brief. Yet the order dismissing the case stood unchallenged for over seventeen months.

The order granting the motion to dismiss was an appealable order. In the case of Prentice Lumber Company, Inc. v. Hukill, 161 Mont. 8, 504 P.2d 277, 279, 29 St.Rep. 1029, where a motion to dismiss was granted, but judgment was not entered pursuant to the order, this Court stated:

> " * * * Accordingly, we hold that an order dismissing a complaint and denying leave to amend

is equivalent to a final judgment for pur-
poses of appeal."

Appellant had a right to appeal the order dismissing his lawsuit. That right was lost through inaction. He cannot now revive his right to an appeal by his motion for reinstatement.

It should be noted that this was not an involuntary dismissal granted without notice. The motion for dismissal was made in open court during the trial of the companion suit. Beach and his attorney in the companion suit were present. The order was granted without objection. Notice of the order of dismissal was immediately given to the attorneys of record in this suit. The facts support the conclusion that this was done as part of the strategy in the trial of the companion case and that there was an intentional abandonment of this lawsuit. This conclusion is supported by the fact that it was seventeen months later, when a new attorney entered the case, before any action was taken to avoid the dismissal.

The appeal is dismissed.

_____
                                    Justice

We concur:

_____
  Chief Justice

_____

_____
  Justices

- 4 -